# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 20, 2015

```
* * * * * * * * * * * * *      *
BRIDGET BARTSCH,               *
                               *      No. 13-536V
              Petitioner,      *
                               *
v.                             *      Special Master Roth
                               *
SECRETARY OF HEALTH            *      Damages Decision Based on Stipulation;
AND HUMAN SERVICES,            *      Influenza Vaccine; Guillain-Barre
                               *      Syndrome; "GBS"; Chronic Inflammatory
              Respondent.      *      Demyelinating Polyneuropathy; "CIDP".
                               *
* * * * * * * * * * * * *      *
```

Scott B. Taylor, Urban and Taylor, S.C., Milwaukee, WI, for petitioner.
Traci R. Patton, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Roth,** Special Master:

On August 2, 2013, Bridget Bartsch filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"], alleging that she developed Guillain-Barre Syndrome ("GBS") and/or Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") as a result of the influenza vaccine she received on August 10, 2010.  Respondent denies that the flu vaccine is the cause of petitioner's alleged GBS and/or CIDP, or any other injury or condition. Stipulation at ¶ 6.

On November 18, 2015, respondent filed a stipulation detailing compensation for life care items, lost wages, past unreimbursed expenses, and pain and suffering.  According to respondent's stipulation, petitioner agrees to the proposed award of compensation.  Pursuant to the terms stated in the attached stipulation, **petitioner is awarded:**

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).  In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1. **A lump sum of $581,357.00 in the form of a check payable to petitioner**.  This amount represents all remaining compensation for damages that would be available under 42 U.S.C. § 300aa-15(a).  This sum includes $56,357.00 for future life care plan expenses for the first year following the entry of judgment, $175,000.00 for pain and suffering, and 350,000.00 for lost wages and past unreimbursable expenses.

2. **An amount sufficient to purchase the annuity contract**, described in paragraph 10 of the attached stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## OFFICE OF SPECIAL MASTERS

---

|  |  |  |
|---|---|---|
| BRIDGET BARTSCH, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 13-536V |
| | ) | Special Master Mindy M. Roth |
| SECRETARY OF HEALTH AND HUMAN | ) | ECF |
| SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

---

## STIPULATION

The parties hereby stipulate to the following matters:

1. Bridget Bartsch ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received the flu vaccine on or about August 10, 2010.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the vaccine caused her to develop Guillain-Barre Syndrome ("GBS") and/or Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") and that she experienced residual effects of her injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

6. Respondent denies that the flu vaccine is the cause of petitioner's alleged GBS and/or CIDP, or any other injury or condition.

7.   Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.   As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a.  A lump sum of $581,357.00 in the form of a check payable to petitioner.  This amount represents all remaining compensation for damages that would be available under 42 U.S.C. § 300aa-15(a);[1] and

> b.  An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").[2]

9.   The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

> b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

> c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

> d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

---

[1]  This sum includes $56,357.00 for future life care plan expenses for the first year following the entry of judgment, $175,000.00 for pain and suffering, and 350,000.00 for lost wages and past unreimbursable expenses.

[2]  Notwithstanding references herein to "the Life Insurance Company" or "the annuity contract," to satisfy the conditions set forth herein, in respondent's sole and absolute discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

10.  The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner for the following items of compensation:

   a.  For future unreimbursable medical insurance expenses, beginning on the first anniversary of the date of judgment, an annual amount of $7,744.94 to be paid up to the anniversary of the date of judgment in year 2034, then beginning on the anniversary of the date of judgment in year 2034, an annual amount of $5,409.06 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

   b.  For future unreimbursable case management services, beginning on the anniversary of the date of judgment in year 2034, an annual amount of $2,064.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

   c.  For future unreimbursable equipment, beginning on the first anniversary of the date of judgment, an annual amount of $710.69 to be paid up to the anniversary of the date of judgment in year 2034, then beginning on the anniversary of the date of judgment in year 2034 an annual amount of $1,567.85 to be paid up to the anniversary of the date of judgment in year 2035, then beginning on the anniversary of the date of judgment in year 2035, an annual amount of $797.62 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

   d.  For future unreimbursable medications, beginning on the first anniversary of the date of judgment, an annual amount of $267.43 to be paid up to the anniversary of the date of judgment in year 2017, then beginning on the anniversary of the date of judgment in year 2017 an annual amount of $178.23 to be paid up to the anniversary of the date of judgment in year 2034, then beginning on the anniversary of the date of judgment in year 2034, an annual amount of $3.23 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

   e.  For future unreimbursable home/attendant services, beginning on the first anniversary of the date of judgment, an annual amount of $4,784.00 to be paid up to the anniversary of the date of judgment in year 2039, then beginning on the anniversary of the date of judgment in year 2039, an annual amount of $28,704.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

f. For future unreimbursable transportation, beginning on the first anniversary of the date of judgment, an annual amount of $36.80 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

g. For future unreimbursable gym expenses, beginning on the first anniversary of the date of judgment, an annual amount of $564.00 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as petitioner is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of petitioner's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12.  As soon as practicable after entry of judgment and after petitioner has filed a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master  to award reasonable attorney's fees and costs incurred in proceeding upon this petition.

13.  Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14.  Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15.  The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursable expenses, the money provided pursuant to this Stipulation, either immediately or as part of the annuity contract, will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16.  In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could

be timely brought in the Court of Federal Claims, under the National Vaccine Injury

Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out

of, any and all known or unknown, suspected or unsuspected personal injuries to or death of

petitioner resulting from, or alleged to have resulted from, the influenza vaccination administered

on or about August 10, 2010, as alleged by petitioner in a petition for vaccine compensation filed

on or about August 12, 2013, in the United States Court of Federal Claims as petition No. 13-

536V.

17.  If petitioner should die prior to entry of judgment, this agreement shall be voidable

upon proper notice to the Court on behalf of either or both of the parties.

18.  If the special master fails to issue a decision in complete conformity with the terms

of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties'

settlement and this Stipulation shall be voidable at the sole discretion of either party.

19.  This Stipulation expresses a full and complete negotiated settlement of liability and

damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

as otherwise noted in paragraph 12 above.  There is absolutely no agreement on the part of the

parties hereto to make any payment or to do any act or thing other than is herein expressly stated

and clearly agreed to.  The parties further agree and understand that the award described in this

Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the

items of compensation sought, is not grounds to modify or revise this agreement.

20.  Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccine caused petitioner's alleged GBS and/or CIDP, or any other injury or condition.

22.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/

/

/

/

/

/

/

/

/

/

/

/

/

/

Respectfully submitted,

**PETITIONER:**

BRIDGET BARTSCH

**ATTORNEY OF RECORD FOR PETITIONER:**

SCOTT B. TAYLOR
URBAN & TAYLOR, S.C.
4701 North Port Washington Road
Fourth Floor
Milwaukee, WI 53212
(414) 906-1700

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

A. MELISSA HOUSTON M.D., M.P.H., FAAP
Director, Division of Injury Compensation
Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

TRACI R. PATTON
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 353-1589

Dated: 11/8/2015